Joseph H. Harrington
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CARLOS TORRES MEDRANO, JR.,<br><br>                    Defendant. | 2:17-CR-00067-SMJ<br><br>UNITED STATES' RESPONSE TO DEFENDANT'S FED. R. CRIM. P. 41(g) MOTION FOR RETURN OF ILLEGALLY SEIZED PROPERTY OF APPROXIMATELY  $4,000.00 IN CASH |

Plaintiff, United States of America, by and through Joseph H. Harrington, United States Attorney, for the Eastern District of Washington, and Russell E. Smoot, Assistant United States Attorney for the Eastern District of Washington, submits the following response to Defendant, Carlos Torres Medrano, Jr.'s, *pro se* FRCP Rule 41(g) Motion for Return of Illegally Seized Property of Approximately $4,000.00 in Cash. (ECF No. 107).

## RESPONSE

As demonstrated in detail below, the Defendant's motion should be denied because the United States never had possession of the U.S. Currency at issue and did not forfeit said property. The property at issue was seized and forfeited by the

UNITED STATES RESPONSE TO DEFENDANT'S *PRO SE* MOTION - 1

Spokane Police Department pursuant to Washington law after proper notice to the Defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2017, pursuant to RCW 69.50.505 the Spokane Police Department (SPD) seized numerous items of personal property from the Defendant, including $3,293 in U.S. Currency. *See* Ex. A, SPD Narcotics Notice of Seizure and Intended Forfeiture (the property seized includes $20 in U.S. Currency and $3,273 in U.S. Currency, for a total seizure of $3,293). On March 31, 2017, the notice of seizure was hand-delivered to the Defendant. *Id.*, p. 2-3.

On December 20, 2017, an Order of Forfeiture: No Claim Received was entered against the personal property seized by the SPD from the Defendant, including the $3,293 in U.S. Currency at issue here. *See* Ex. B, SPD Order of Forfeiture: No Claim Received. According to the Order, the subject funds were forfeited pursuant to Washington law because no person, including the Defendant, notified the SPD of any claim of ownership to the funds. *Id.*

Although the United States brought federal criminal charges against the Defendant, it never had possession of the subject funds and did not seek forfeiture of the subject funds as part of the Indictment. ECF No. 1.

## II. APPLICABLE LAW AND ARGUMENT

The Defendant seeks relief based on Fed. R. Crim. P. 41(g), which provides,

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

It is axiomatic under Rule 41(g) that the Government must have possession of the property whose return is sought. *See Ordonez v. United States,* 680 F.3d 1135, 1137

UNITED STATES RESPONSE TO DEFENDANT'S *PRO SE* MOTION - 2

(9th Cir. 2012) ("Federal Rule of Criminal Procedure 41(g)1 provides a mechanism by which any person may seek to recover property seized by federal agents") (emphasis added); *United States v. Nguyen*, 2015 WL 1276745, *2 (E.D. Cal. March 18, 2015) ("Rule 41(g) provides only for the return of property that is in the government's possession; it provides no other remedy.") In this matter, the United States never had possession of the subject funds and did not forfeit the property. The property at issue was seized by the SPD on March 28, 2017. *See* Ex. A. The SPD personally served notice of the seizure and intent to forfeit on the Defendant on March 31, 2017 and forfeited the funds on December 201, 2017, after receiving no claim from the Defendant, all in accordance with Washington law. *See* Ex. B.

Moreover, because the funds at issue were never in the possession of the United States and not subject to forfeiture in this criminal action, they were likewise never subject to this Court's jurisdiction and, thus cannot be returned by this Court. The Court cannot entertain a Rule 41(g) motion as to property over which it has no jurisdiction. *See Griffin v. United States*, No. 2:14-CV-00074-RMP, 2014 WL 2196845, at *2 (E.D. Wash. May 27, 2014) (denying a Rule 41(g) motion seeking return of property forfeited as part of a separate criminal proceeding in the District of Idaho because the defendant did not challenge "an agency forfeiture decision over which this Court might exercise equitable jurisdiction"). The State of Washington and the United States are separate sovereigns and federal forfeiture cannot proceed against property that is in the possession of state or local law enforcement and subject to the jurisdiction of a state court. *See United States v. One Black 1999 Ford Crown Victoria LX,* 118 F. Supp. 2d 115, 118 (D. Mass. 2000) ("It is well established that only one court may exercise in rem jurisdiction over property at a time."); *United States v. Branum*, 872 F. Supp. 801, 803 (D. Or. 1994) ("There is no question that the State of Oregon, which initiated the forfeiture proceeding, and the United States, which filed the criminal charges to which Branum pleaded guilty, are separate sovereigns . . . The authority of the United States and the several states to legislate and enforce their own criminal codes is one of the

UNITED STATES RESPONSE TO DEFENDANT'S *PRO SE* MOTION - 3

pillars of American jurisprudence"). Accordingly, this Court lacks jurisdiction over the funds at issue and the Defendant's motion should be denied.

Finally, since the Defendant failed to assert a claim of ownership of the funds in the state forfeiture proceeding, there is no evidence to support his claim of ownership of the property forfeited by the State. *See Branum*, 872 F. Supp. at 803.

### III.    CONCLUSION

Based on the foregoing, the United States respectfully requests that the Court deny the Defendant's Motion for Return of Illegal Seized Property of Approximately $4,000 in Cash.

DATED:  January 7, 2019

Joseph H. Harrington
United States Attorney

*s/Russell E. Smoot*
Russell E. Smoot
Assistant United States Attorney

UNITED STATES RESPONSE TO DEFENDANT'S *PRO SE* MOTION - 4

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service, via regular U.S. mail, the foregoing document to the following non-CM/ECF participant(s):

Carlos Torres Medrano Jr.
United States Penitentiary
P.O. Box 019001 Ste 3A
Atwater, CA 95301

*s/Russell E. Smoot*

Russell E. Smoot
Assistant United States Attorney

UNITED STATES RESPONSE TO DEFENDANT'S *PRO SE* MOTION - 5